## Commonwealth v. Throckmorton

*James B. Yelovich,* for petitioner.
*Frederick F. Coffroth,* District Attorney, contra.

COFFROTH, *P. J.,* December 27, 1976—This is a petition by defendant for return of a handgun which was seized by the police from the car which defendant was occupying when he was arrested for carrying the weapon without license and for driving under the influence. Defendant was acquitted of both offenses. See Commonwealth v. Throckmorton, 241 Pa. Superior Ct. 62, 359 A.2d 444 (1976); Commonwealth v. Throckmorton, 28 Somerset 100 (1973), and unpublished opinions filed to the above captioned case.

The Commonwealth opposes the petition alleging that "defendant was acquitted on the basis that he denied knowledge of the existence of the weapon in the vehicle; the weapon was not registered; the defendant denied ownership of the weapon."

Review of the trial record does not bear out the Commonwealth's assertions. There is no denial of ownership of the weapon by defendant. The record shows that defendant and the witness Murray tes-

tified that the gun belonged to defendant's company and to defendant, that defendant owned the company, that the gun was used primarily by Murray, safety director of the company, who had put it in the car without defendant's knowledge, that the car was a company car which was generally used by Murray not by defendant, and that defendant did not know that the gun was in the car on the trip he and Murray had taken from Virginia to Pittsburgh and return when the arrest took place.

The chief issue presented to the jury on the weapon charge in the first trial was whether or not defendant was in knowing or conscious possession of the weapon in the vehicle. That issue was resolved in defendant's favor and accounts for his acquittal on that charge, and is not inconsistent with defendant's ownership of the weapon under the circumstances above related.

The record also contains a permit to purchase and carry a pistol or revolver issued by the state of Virginia to defendant, and there was police testimony that an NCIC check of the weapon at the time of arrest was negative.

Under the circumstances we have no reason to think that defendant is not a suitable person to possess his own gun, nor any reason to forfeit it or to refuse its return. Compare Commonwealth v. Spisak, 69 D.&.C.2d 659, 30 Somerset 95 (1974), and Commonwealth v. Kimmel referred to therein, 30 Somerset 97.

## ORDER

Now, December 27th, 1976, defendant's petition for return of the weapon held by the Commonwealth as evidence is granted. The Commonwealth is directed to release the weapon to defendant or to his counsel upon obtaining a receipt therefor and payment of record costs.